ELWOOD E. KRZYSKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krzyske v. Commissioner
Docket No. 28530-81
United States Tax Court
T.C. Memo 1982-713; 1982 Tax Ct. Memo LEXIS 33; 45 T.C.M. (CCH) 301; T.C.M. (RIA) 82713; December 8, 1982. Elwood E. Krzyske, pro se. Kay L. Windram, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial in accordance with the provisions of General Order No. 6 (69 T.C. XV). The Court agrees with and adopts the Special Trial Judge's report which is set out hereinbelow. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $12,531 and an addition to tax under sections 6651(a) and 6653(a) [1] of $2,506 and $907, respectively, *34 for failure to timely file a return and for negligence or intentional disregard of rules and regulations. After concessions by the parties, there are three issues remaining for decision: (1) whether wages received by petitioner constitute gross income within the meaning of section 61; (2) whether petitioner is liable for additions to tax imposed under section 6651(a) for failure to file timely income tax return; and (3) whether petitioner is liable for an addition to tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts, together with the exhibits identified therein, is incorporated herein by reference. Petitioner resided in Michigan at the time he filed the petition in this case. Since 1945, petitioner and his brothers have owned and operated a lumberyard in Waltz, Michigan, called Krzyske Brothers, Inc. Petitioner is currently, and was in 1979, the treasurer of Krzyske Brothers. For the taxable year 1979, *35 he was paid wages by Krzyske Brothers of $18,850, from which Federal income taxes ($2,269.80), Michigan state income taxes ($589.16), and FICA tax ($1,155.44) were withheld. A Form W-2 was issued to petitioner reflecting the foregoing amounts. Petitioner filed a Form 1040 return for 1979, which was received by the Internal Revenue Service on August 7, 1980. On that return, he reported his wages of $18,850; interest income of $3,786; dividend income of $8,500; state and local income tax refunds of $1,153; supplemental income reported on Schedule E of $16,444; director's fee of $600; and gambling winnings of $1,807, for a total of $50,140. In the section of the return designated "Adjustments to Income" petitioner pasted white correction tape over lines 24 and 25, and typed on the tape was the following: Non-taxable receipts ( Eisner v. Macomber, 252 U.S. 189) He noted an adjustment of $18,850, which, when subtracted from the total income shown of $50,140, yielded a taxable income of $31,290. Petitioner showed tax due of $6,628, which when subtracted from his Federal income tax withheld and his estimated payments ($6,670) provided petitioner a refund of $62. *36 In the statutory notice of deficiency, respondent disallowed the above-mentioned adjustment to income of $18,850, and determined the deficiency and the additions to tax mentioned above. Prior to 1979, petitioner filed timely Federal income tax returns on which he included his wages in income and paid the taxes shown to be due therein. Petitioner's prior returns were prepared by Krzyske Brother's corporate accountant, Robert Wolgamooth. Mr. Wolgamooth had also prepared petitioner's 1979 return in which he included petitioner's wages in adjusted gross income. However, petitioner substituted this return with a return prepared by Eugene May, which did not include petitioner's wages in adjusted gross income. Prior to filing his 1979 return in August 1980, petitioner began attending public meetings in which Federal taxation was discussed. Petitioner also began reading tax materials, including the articles in the Readers Digest, sections of the 1939 and 1954 Internal Revenue Code, and excerpts from judicial decisions, particularly Eisner v. Macomber,252 U.S. 189 (1920). OPINION The first issue for decision is whether petitioner's wages should be included in *37 taxable income. Petitioner contends that his wages are not taxable because wages received in exchange for services are not subject to Federal tax. Petitioner's claim is wholly without merit. It is well settled that wages received in exchange for services constitutes taxable income. Eisner v. Macomber,supra;Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916). As this Court recently stated, to say any more on this issue would represent a waste of this Court's resources. [2] Thus, respondent is sustained on this issue. The second issue for decision is whether petitioner is liable for an addition to tax under section 6651(a) for failure to file a timely return. Petitioner's return was received by respondent on or about August 7, 1980. Petitioner testified that because he was owed a refund after deducting his wages from taxable income, there was no need to file a timely return. However, when wages were included in income petitioner owed approximately $3,400 in Federal tax. Since we have held that petitioner's wages *38 do constitute income, petitioner is also liable for an addition to tax for the failure to timely file a return under section 6651(a). The final issue for decision is whether petitioner is liable for an addition to tax under section 6653(a). Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. The burden of proving that no part of the underpayment was due to negligence is upon petitioner. Rosano v. Commissioner,46 T.C. 681, 688 (1966); Rules 142(a), Tax Court Rules of Practice and Procedure. Petitioner has not satisfied his burden. Petitioner has been employed full-time for over 30 years. For several years petitioner has been treasurer of Krzyske Brothers, Inc. Petitioner has not provided any evidence to convince us that a reasonable person with petitioner's experience would have deducted wages to arrive at taxable income. Rather, we believe petitioner knew or should have known that his wages were taxable and either negligently or deliberately excluded them from his taxable income. Our belief is corroborated by petitioner having filed his Federal income tax returns *39 for many years on which he included his wages as income. Moreover, petitioner failed to show that he consulted with an attorney, accountant or took other reasonable steps in filing his 1979 return. [3] Quite the contrary, petitioner knew that his accountant had prepared his 1979 return including his wages in income and chose to submit a return that did not include his wages in income. In sum, petitioner should have known or, by the exercise of reasonable prudence, could have determined that his wages were taxable. This case is indistinguishable from prior decisions of this Court which have held that a taxpayer's belief that wages do not constitute income does not absolve a taxpayer from an addition to tax for negligence.[4] Accordingly, respondent is sustained on this issue. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect for the taxable year and issue, unless otherwise indicated.↩
2. Maguire v. Commissioner,T.C. Memo. 1982-640; Lively v. Commissioner,T.C. Memo. 1982-590↩.
3. Wangrud v. Commissioner,T.C. Memo. 1980-162↩.
4. Funk v. Commissioner,T.C. Memo. 1981-506; Miller v. Commissioner,T.C. Memo. 1981-296; Crisman v. Commissioner,T.C. Memo. 1981-361; Lively v. Commissioner,T.C. Memo. 1982-590↩.